IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–39–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| THOMAS BROWN HAMMOND, | |
| Defendant. | |

Before the Court is Defendant Thomas Brown Hammond's ("Hammond") Motion for Early Termination of Supervision (Doc. 6). The United States does not oppose this Motion. (Doc. 9 at 1.) On June 12, 2012, United States District Court Judge John A. Mendez sentenced Hammond to 57 months of imprisonment after he pleaded guilty to Theft from an Employee Benefit Plan in violation of 18 U.S.C. § 664. (Doc. 2-3 at 1–2.) Hammond was also sentenced to three years of supervised release which began on August 29, 2016, and was ordered to pay $536,521.29 in restitution. (Docs. 1 at 1; 2-3 at 3, 5.) Jurisdiction of Hammond's case was transferred from the Eastern District of California to the District of Montana on October 5, 2016. (Doc. 1 at 1.) Hammond requests early termination of his supervised release before its automatic termination on August 28, 2019. (Docs. 1 at 1; 7 at 1.)

-1-

Federal law provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, a court shall consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 Fed Appx. 666, 667 n.3 (9th Cir. 2007) (unpublished).

Hammond has completed over two-thirds of his term of supervised release. Although Hammond still owes $526,498.05 in restitution, payments are automatically debited from his Social Security income and the Court finds that he is unlikely to satisfy his obligation before the automatic termination of his term of supervision. (Doc. 7 at 2.) Hammond has found community in his church in Libby, Montana, and leads Bible study classes and volunteers there. Hammond met his wife at church and was married last May. (Doc. 8-1 at 1.) Additionally,

Hammond has not presented any problems while on supervision. The Court is convinced that the interests of justice and, particularly, Hammond's success on supervised release to date justify early termination of supervised release. Accordingly,

IT IS ORDERED that Hammond's Motion (Doc. 6) is GRANTED. The term of supervised released imposed by the June 12, 2012 Judgment is TERMINATED as of the date of this Order and Hammond is hereby DISCHARGED from the sentence of supervised release in this case.

DATED this 16th day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court